IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE M. AVILES, ) | |
| ) | Civil Case No.: |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| JACKSON PHYSICIAN SEARCH ) | |
| LLC, ) | |
| and ) | |
| JACKSON HEALTHCARE, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

## NATURE OF ACTION

1.

On July 2, 1964, the Congress of the United States enacted Title VII of the Civil Rights Act of 1964, which prohibits gender discrimination in the workplace and is codified at 42 USC § 2000e et seq. ("Title VII"). Title VII also prohibits employers from engaging in adverse employment actions against employees for opposing gender discrimination in the workplace.

2.

For her Complaint, Plaintiff asserts claims of violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq. Gender Discrimination and

Retaliation against Defendants for engaging in sexual harassment and retaliation and asserts causes of action for (1) compensatory damages for lost pay, vacation, retirement benefits, and healthcare benefits, (2) interest on her compensatory damages calculated at the prevailing rate, (3) compensatory damages for mental and emotional distress, pain and suffering and for expenses incurred because of Defendants' violations of law, (4) punitive damages, and (5) her costs of litigation, including her reasonable attorneys' fees. Plaintiff also seeks equitable relief, including reinstatement or front pay in lieu of reinstatement.

## **JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action pursuant to the special venue provision of Title VII, 42 USC §2000e-5(f)(3), because the case arises under Title VII. Venue is proper in this court pursuant to 42 USC §2000e-5(f)(3) because the employment actions in this case happened in the State of Georgia, in this District and Division. Furthermore, the defendants are residents of Fulton County, Georgia and the plaintiff is a resident of Gwinnett County, Georgia. Both counties are located within the Northern District of Georgia, Atlanta Division.

## ADMINISTRATIVE PROCEEDINGS

4.

All conditions precedent to this lawsuit within the meaning of Fed. R. Civ. P. 9(c) have been performed or otherwise occurred.

5.

Plaintiff filed a Charge of Discrimination against Defendant Jackson Healthcare, LLC citing sex (female) and retaliation for participating in protected activity, and as a continuing action on August 6, 2018 with the Equal Employment Opportunity Commission ("EEOC"). Defendants fired Plaintiff on October 16, 2018, about eight weeks after she filed a Charge of Discrimination with the EEOC.

6.

After she was fired, Plaintiff filed an amended charge of discrimination against Defendant Jackson Healthcare, LLC citing sex (female) and retaliation for participating in a protected activity, on October 30, 2018 with the EEOC.

7.

Plaintiff filed her amended charge of discrimination against Defendants within one hundred and eighty (180) days of her termination from her employment.

8.

The EEOC sent Plaintiff a Notice of "Right to Sue" dated October 8, 2021, which plaintiff received a few days later, with respect to Plaintiff's EEOC charge against Defendants.

**PARTIES**

9.

Plaintiff Nicole Aviles is a female citizen of the United States and resides in Gwinnett County, Georgia.

10.

Defendants employed Plaintiff Aviles as an Accounting Assistant in their Alpharetta, GA headquarters from May 4, 2015 to October 16, 2018.

11.

Defendant Jackson Physician Search, LLC ("Jackson Physician Search") is a domestic limited liability company doing business in Alpharetta, Fulton County, Georgia.

12.

Defendant Jackson Physician Search, LLC can be served by way of its Registered Agent, Jay D. Mitchell at 2655 Northwinds Parkway, Alpharetta, GA 30009.

13.

Defendant Jackson Healthcare, LLC ("Jackson Healthcare") is a domestic limited liability company doing business in Alpharetta, Fulton County, Georgia.

14.

Defendant Jackson Healthcare, LLC can be served by way of its Registered Agent, Jay D. Mitchell at 2655 Northwinds Parkway, Alpharetta, GA 30009.

## THE DEFENDANTS OPERATED AS AN INTEGRATED ENTERPRISE

15.

Defendant Jackson Healthcare is the parent company of a family of companies that provide a variety of services to the healthcare industry. Jackson Healthcare is a Georgia corporation operating pursuant to OCGA §37-2-6 et seq. that has more than 1300 employees.

16.

Defendant Jackson Physician Search is a subsidiary of Jackson Healthcare and provides search services for hospitals and health care entities to locate physicians for employment opportunities. Jackson Physician Search is a Georgia corporation operating pursuant to OCGA §37-2-6 et seq.

17.

Jackson Healthcare provides certain administrative and logistical support for its subsidiaries and affiliates, Jackson Healthcare makes employment decisions regarding Jackson Physician Search employees, and it is an "employer" as defined by Title VII. Jackson Healthcare and Jackson Physician Search are "joint employers" as that term is defined by federal law. Defendants operate as an integrated enterprise.

18.

Jackson Physician Search and Jackson Healthcare operate out of the same building; have joint ownership and officers; use the same email address; have the same registered agent; have the same registered office; have the same principal place of business; use the same Associate Handbook; use the same Human Resources Department; and Jackson Healthcare admitted to the EEOC that it was the Plaintiff's employer.

**STATEMENT OF FACTS**

19.

On April 14, 2015, Jackson Physician Search hired Nicole Aviles as a staff accountant at a salary of $50,000 annually, reporting to Dwayne Roache, VP of Finance and Controller of Jackson Physician Search. During her first year of

employment Jackson Physician Search pays Nicole Aviles a bonus of $5,000, increasing her 2015 annual earnings to $55,000.

20.

On May 4, 2015, defendants require Nicole Aviles to acknowledge that she has received "Jackson Healthcare, LLC and affiliate companies (collectively referred to as Company)" Associate Handbook.

21.

Jackson Healthcares's Associate Handbook represents to Jackson Healthcare employees that Defendants supervisors and co-workers will not sexually harass or otherwise discriminate against employees and will not retaliate against employees who report or otherwise object to discrimination based on sex, race, religion, national origin, color among other types of discrimination.

22.

After Nicole Aviles begins to work for Defendants, Mr. Roache engages in efforts to pressure her into having a sexual relationship with him that Nicole Aviles believes constitutes sexual harassment.

23.

In August 2016, Mr. Roache signs a written review, effective May 4, 2016, of Nicole Aviles' performance that says she is performing well in her job. Defendants increase Plaintiff's salary by $5,000.

24.

In August 2017 Mr. Roache signs a written review, effective May 4, 2017, of Nicole Aviles' performance that says she is performing well in her job. Defendants again increase Nicole Aviles' pay by $5,000 to a total of $65,000 per year.

25.

On May 14, 2018, Nicole Aviles reports to Kim Grant, a Jackson Healthcare Human Resources representative that she has been subjected to sexual harassment by her supervisor, Dwayne Roache.

26.

Defendants do not investigate or otherwise address Nicole Aviles' May 14, 2018 report of sexual harassment. Defendants did not engage in any action to protect Nicole Aviles from retaliation as required by the Jackson Healthcare Associate Handbook and the anti-retaliation provisions of Title VII.

27.

Four days later, on May 18, 2018, Mr. Roache sends an email to Nicole Aviles criticizing her job performance.

28.

On May 18, Nicole Aviles reports to Defendants' Human Resources Department that she had received an email from Mr. Roache criticizing her job

8

performance. Defendants did not investigate Mr. Roaches' criticism of Ms. Aviles' job performance after she had reported him for sexual harassment. Defendants did not take any other action to protect Ms. Aviles from retaliation by Mr. Roache.

29.

On July 11, 2018, Dwayne Roache sent an email to Ellen Lutz, an employee of Jackson Physician Search, requesting to discuss his criticism of Nicole Aviles.

30.

On July 23, 2018, Ellen Lutz sends a draft of a "Performance Improvement Plan" she had drafted for Nicole Aviles for Mr. Roache to give to Nicole Aviles. Nicole Aviles did not report to Ellen Lutz.

31.

On July 23, 2018, Mr. Roache and Ellen Lutz meet with Nicole Aviles to issue her a Performance Improvement Plan, and inform her that she has a limited time to improve her performance or be terminated from her employment.

32.

On July 24, 2018, Nicole Aviles submits to the Jackson Healthcare Human Resources Department a formal written report objecting to sexual harassment of her by Mr. Roache, harassment of her and other adverse employment actions against her in response to her May 14 verbal report to Human Resources of sexual

harassment. Plaintiff also gave Defendants notice of emotional injury and health issues caused by Mr. Roache's continuing harassment and retaliation of her.

33.

On August 6, 2018, Nicole Aviles files a Charge of Discrimination with the EEOC against Jackson Healthcare for sexual harassment.

34.

On August 28, 2018, Mr. Roache provides new job duties for Nicole Aviles in retaliation for her reports to Human Resources and her Charge of Discrimination with the EEOC.

35.

On October 16, 2018, Mr. Roache fires Nicole Aviles.

36.

On October 30, 2018, Nicole Aviles files an amended charge of discrimination with the EEOC for sexual harassment, discrimination and retaliation for participating in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT ONE

### (Sexual Harassment Violation of Title VII)

37.

For her first count, Plaintiff incorporates the averments of the preceding paragraphs of this Complaint.

38.

Defendants have discriminated against Plaintiff on the basis of her gender in violation of Title VII by subjecting Plaintiff to disparate treatment based upon her gender, including, but not limited to, subjecting her to sexual harassment, a hostile work environment and ultimately terminating her employment when it became clear she would not engage in a sexual relationship with her supervisor.

39.

As a direct and proximate result of Defendants unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief, in addition to reasonable attorneys' fees and costs.

40.

As a direct and proximate result of Defendants unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to,

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

41.

Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under Title VII, for which Defendants are subject to punitive damages.

## **COUNT TWO**

**(Retaliation in Violation of Title VII)**

42.

For her second count Plaintiff incorporates the averments of the preceding paragraphs of this Complaint.

43.

By the actions described above, among others, Defendants retaliated against Plaintiff for her engagement in protected activities, including, but not limited to, refusing to engage in a sexual relationship with her supervisor, reporting, objecting to and opposing Defendants' sexual harassment and discrimination against Plaintiff on the basis of her gender. Defendants' retaliatory conduct includes, but is not limited to, increased job pressure and intentional infliction of emotional

distress in the form of a "Performance Improvement Plan," constant criticism of her job performance, changing her job duties and the unlawful termination of Plaintiff's employment. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages, to the greatest extent permitted by law, in addition to reasonable attorneys' fees and costs.

44.

Defendants retaliated against plaintiff for filing a Charge of Discrimination with the Equal Employment Opportunity Commission by terminating her employment.

45.

As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

46.

Defendants' unlawful and discriminatory actions constitute knowing, malicious, willful, wanton and reckless violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicole Aviles respectfully prays this court:

1. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and engaging in any other employment practices which discriminate against employees based on their gender.

2. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

3. Order Defendants to adopt, implement and distribute a formal, written anti-discrimination policy that prohibits discrimination based on gender, including sexual harassment, outlines a procedure for employees to make or report complaints of discrimination, and identifies with whom complaints or reports should be filed.

4. Order the Defendants to distribute to each current employee in the State of Georgia a copy of the policy and distribute the policy to all new employees and review it with them within seven days of hire.

5. Post a copy of the policy described above in its facilities where it has employees, in a place where it is visible to all employees.

6. Order Defendants to provide an annual training program regarding the anti-discrimination policy, to all of its owners, managers, supervisors, and employees.

7. Order Defendants to adopt, implement and distribute a formal written anti-retaliation policy that prohibits adverse employment action and protects employees who make or report complaints of discrimination pursuant to the anti-discrimination policy from being subject to adverse employment action related to the report or complaint.

8. Order Defendants to make Plaintiff Nicole Aviles whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including reinstatement or front pay, necessary to eradicate the effects of its unlawful employment practices.

9. Order Defendants to make Plaintiff Nicole Aviles whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

10. Order Defendants to make Plaintiff Nicole Aviles whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

11. Order Defendants to pay Plaintiff Nicole Aviles punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

12. Grant such further relief as the Court deems necessary and proper in the public interest.

13. Award the Plaintiff Nicole Aviles her costs in this action, including reasonable attorneys fees, expenses, costs of litigation, and prejudgment and post-judgment interest.

14. Award Plaintiff such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

The plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted this 6th day of January, 2022.

> */s/ Benjamin F. Barrett Jr.*
> Benjamin F. Barrett Jr.
> GA Bar No: 039586
> Ben Barrett Law
> 1050 Crown Pointe Pkwy, Suite 500
> Atlanta, GA 30338
> Phone: 404-845-7449
> ben@benbarrettlaw.com
>
> *Attorney for Plaintiff*